Matter of M.M. (O.K.) (2003 NY Slip Op 23934)

Matter of M.M. (O.K.)

2003 NY Slip Op 23934 [2 Misc 3d 747]

December 18, 2003

Supreme Court, Rensselaer County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 28, 2004

[*1]
In the Matter of the Application of M.M., Petitioner, on Behalf of the Minor Child O.K., for Leave to Change Her Name to O.M.
Supreme Court, Rensselaer County, December 18, 2003

APPEARANCES OF COUNSEL

Unity House Law Project, Troy (Milinda J. Reed of counsel), for petitioner.

{**2 Misc 3d at 747} OPINION OF THE COURT

George B. Ceresia, Jr., J.
{**2 Misc 3d at 748}Petitioner M.M. has made application, on behalf of her daughter O.K., born on [ ],[FN*]

to change her daughter's name to O.M. Petitioner has requested that the court dispense with notice of the application to O.K.'s father, J.K. In support of her application, petitioner indicates that she has been the sole caregiver of her daughter O.K. since O.K. was 10 weeks old. In her affidavit, she sets forth facts to demonstrate a history of domestic violence directed against the petitioner, perpetrated by J.K., and requiring police intervention. This includes J.K.'s conviction for aggravated harassment second degree on [ ] in the City Court of the City of Troy, New York. According to the petitioner, J.K. is currently the subject of two permanent orders of protection, both of which require him to stay away from the petitioner. The latter order of protection, in addition, directs J.K. to stay away from their daughter, O.K. Petitioner further alleges that on [ ], J.K. violated the first order of protection (and the terms of his probation) by threatening to kill her entire family. She alleges that J.K. was subsequently arrested, and that he ultimately entered a plea of guilty to a charge of criminal contempt. Petitioner's allegations are corroborated by the following documentary evidence: a certificate of disposition from Troy City Court in the case of People v J.K.; an order of protection dated [ ] issued out of Troy City Court; an order of protection dated [ ] issued out of Rensselaer County Supreme Court; and various police incident reports and family offense petitions. The foregoing, in the court's view, provides strong and compelling evidence of the need to protect the safety of the petitioner and her daughter. Under the factual circumstances presented, the court finds that the name change is in the best interests of the child.
[*2]
The court is aware of the provisions of Civil Rights Law § 62, which require that notice of an application for a change of name be given to the parent of an infant. The court is also mindful of the provisions of Civil Rights Law § 64-a, which recites as follows:
"If the court shall find that the publication of an applicant's change of name would jeopardize such applicant's personal safety, the provisions of sections sixty-three and sixty-four of this article requiring publication shall be waived and shall be inapplicable. The court shall order the records of such change of name proceeding to be sealed, to be opened {**2 Misc 3d at 749}only by order of the court for good cause shown or at the request of the applicant."
In the court's view, Civil Rights Law § 64-a enunciates a general public policy designed to protect the personal safety of individuals who apply for a change of name, where there is reasonable ground to believe that their safety would be jeopardized. The provisions of Civil Rights Law § 64-a are clearly applicable under the facts of this case. It would frustrate the legislative intent of Civil Rights Law § 64-a, and serve no useful purpose, to dispense with publication, but still require direct notice of the application to the very person who allegedly endangers the safety of the applicant.
By reason of all of the foregoing, the court finds that the petitioner should be permitted to dispense with the requirement to provide notice of the application to J.K., father of O.K. The court further finds, for the reasons set forth herein, that the petitioner should be permitted to dispense with the requirement of publication contained in Civil Rights Law §§ 63 and 64.

Footnotes

Footnote *: Dates have been redacted from the instant decision, for purposes of publication, in order to protect the identity of the parties.